UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08850-CAS(PLAx) | Date | May 12, 2014 |
|---|---|---|---|
| Title | JEAN NDJONGO V. LOS ANGELES WORLD AIRPORTS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Donald MacKay | Rudolfo Ruiz |
| | Kristina Sherry |

**Proceedings:** DEFENDANT'S MOTION TO STAY PROCEEDINGS
(Dkt. #16, filed April 10, 2014)

## I. INTRODUCTION AND BACKGROUND

Plaintiff Jean Ndjongo, proceeding pro se, filed this action against defendant Los Angeles World Airports ("LAWA") on December 2, 2013. Dkt. #1. Plaintiff asserts claims for (1) hostile work environment; (2) constructive wrongful discharge; (3) discrimination based on race/national origin in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq. ("Title VII"); (4) unlawful discrimination based on disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"); and (5) retaliation in violation of Title VII.[1] The factual basis of plaintiff's claims is set forth in this Court's order dated January 30, 2014. Dkt. #13.

On April 10, 2014, defendant filed a motion to stay this action. Dkt. #16. Plaintiff filed an opposition on April 30, 2014, dkt. #19, and defendant replied on May 6, 2014, dkt. #21.[2] The Court held a hearing on May 12, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

---

[1] By order dated January 30, 2014, the Court granted in part and denied in part defendant's motion to dismiss. Dkt. #13. The claims listed above are those that were not dismissed.

[2] Defendant contends that plaintiff's opposition was untimely filed, and should therefore be disregarded pursuant to Local Rule 7-9. The Court declines to disregard plaintiff's opposition. However, plaintiff is admonished to comply with the Court's Local Rules regarding the deadlines for the filing of briefs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08850-CAS(PLAx) | Date | May 12, 2014 |
|---|---|---|---|
| Title | JEAN NDJONGO V. LOS ANGELES WORLD AIRPORTS | | |

**II.    DISCUSSION**

Plaintiff previously filed an action in Los Angeles County Superior Court against LAWA and two individuals on August 25, 2011 (the "Prior Action").  Prior Action Compl., Def. Ex. A.  In the Prior Action, plaintiff asserted claims for: (1) discrimination based on national origin in violation of Cal. Gov't Code § 12940, et seq. ("Fair Employment and Housing Act" or "FEHA"); (2) discrimination based on race in violation of FEHA; (3) harassment in violation of FEHA; (4) retaliation in violation of FEHA; and (5) failure to prevent discrimination in violation of FEHA.  Id.  The Superior Court granted LAWA's motion for nonsuit by order dated March 26, 2013.  The court thereafter issued an amended order on August 1, 2013.  Def. Ex. B.  In the amended order, the court found that plaintiff failed to submit sufficient evidence to support a jury verdict in his favor on any of his claims.  Id.  The judgment of the Superior Court is currently pending on appeal.

Defendant contends that the present action is substantially similar to the Prior Action.  Defendant argues that, due to this similarity, a stay is appropriate under the factors set forth by the Supreme Court in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1975).  In the alternative, defendant argues that the Court should exercise its inherent docket control powers to stay the present action pursuant to Landis v. North American Co., 299 U.S. 248, 254 (1936).  The Court addresses each argument in turn.

    **A.    Stay Pursuant to Colorado River**

Under very limited "exceptional circumstances," it may be appropriate to dismiss or stay a federal suit because of a concurrent state proceeding "for reasons of wise judicial administration."  Colorado River, 424 U.S. at 813.  In determining whether to stay or dismiss proceedings under Colorado River and its progeny, a court must consider: (1) whether the state and federal suits are substantially similar; (2) whether staying or dismissing would avoid "piecemeal" litigation; (3) whether there exists the risk of conflicting results; (4) whether the state proceeding is adequate to protect the parties' rights; (5) whether state or federal law provides the rule of decision on the merits; (6) the order in which the forums obtained jurisdiction; and (7) whether the federal suit was filed in an attempt to forum shop.  See Colorado River, 424 U.S. at 818; Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 13-14 (1983); Nakash v. Marciano, 882 F.2d 1411, 1415-16 (9th Cir.1989).  "No one factor is necessarily determinative; a carefully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08850-CAS(PLAx) | Date | May 12, 2014 |
|---|---|---|---|
| Title | JEAN NDJONGO V. LOS ANGELES WORLD AIRPORTS | | |

considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant dismissal." Colorado River, 424 U.S. at 818-19 (citations omitted).

These factors do not weigh in favor of staying this action because the Prior Action and the present action are grounded on different facts, and are therefore not substantially similar. As the Court stated in its order on defendant's motion to dismiss, plaintiff's claims are largely barred to the extent that they are grounded on conduct occurring prior to October 19, 2012. Dkt. #13 at 6 (explaining that plaintiff's underlying administrative complaint was untimely filed with respect to conduct occurring prior to that date (citing 42 U.S.C. § 2000e-5(e)(1)).[3] However, the complaint in the Prior Action was filed on August 25, 2011. It therefore appears that the claims in the Prior Action were grounded on conduct occurring on or before August 25, 2011, see Def. Ex. A., while the claims in the present action are primarily limited to conduct occurring on or after October 19, 2012. Thus, the Prior Action and the present action are not substantially similar because they each pertain to different time periods.[4] Moreover, since the two actions are not substantially similar, a stay would not avoid piecemeal litigation or reduce the risk of two courts reaching conflicting results. Cf. Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990) ("Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."). The Court therefore concludes that a stay is not warranted under the Colorado River doctrine.

---

[3] The only exception is plaintiff's hostile work environment claim. Dkt. #13 at 6-7. Such claims are not subject to the same rules governing the timeliness of administrative complaints, provided that "an act contributing to the claim occurs within the filing period" for an administrative complaint. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116 (2002).

[4] The Court heard oral argument as to the likely res judicata effect of a final decision in the Prior Action. After considering the arguments advanced at the hearing, the Court finds that, at present, the record is not sufficiently clear to reach a conclusion as to whether the doctrine of res judicata applies in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08850-CAS(PLAx) | Date | May 12, 2014 |
|---|---|---|---|
| Title | JEAN NDJONGO V. LOS ANGELES WORLD AIRPORTS | | |

**B.     Stay Pursuant to Landis**

Courts have the power to stay ongoing proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The power to stay ongoing proceedings extends to stays pending resolution of separate judicial proceedings, and does not require the issues in such proceedings to be determinative of the action before the court. Leyva v. Certified Grocers, 593 F.2d 857, 863-64 (9th Cir. 1979). In determining whether a stay is appropriate, the court must weigh various competing interests, including: (1) the possible damage which may result from granting the stay; (2) the hardship to the parties if the suit is allowed to proceed; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). Here, the Court concludes that a stay is not warranted for substantially the same reasons stated in Section A above.

**III.    CONCLUSION**

In accordance with the foregoing, defendant's motion to stay is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 12 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |